IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JASON J. NICHOLSON,<br><br>Plaintiff,<br><br>v.<br><br>JACOB J. LEW, Secretary, Department of the Treasury (Internal Revenue Service),<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:14-cv-00178-DN-PMW<br><br>Chief District Judge David Nuffer<br><br>Chief Magistrate Judge Paul M. Warner |

Chief District Judge David Nuffer referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Jason J. Nicholson's ("Plaintiff") motion for leave to file an amended complaint.[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court elects to determine the motion on the basis of Plaintiff's written materials and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this matter. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also recognizes that Plaintiff has been permitted to proceed in forma pauperis in this case pursuant to 28 U.S.C. § 1915 ("IFP

---

[1] *See* docket no. 5.

[2] *See* docket no. 13.

Statute").[3] Accordingly, the court will also screen Plaintiff's action as required under the IFP Statute. *See* 28 U.S.C. § 1915(e)(2)(B).

## **BACKGROUND**[4]

Plaintiff filed a complaint against Jacob J. Lew, the former Secretary for the Department of the Treasury, Internal Revenue Service ("Defendant"). Plaintiff alleges that he was terminated from his position at the Internal Revenue Service ("IRS" or "Agency") on the basis of "disability discrimination."[5] Plaintiff appealed his termination to the Merit Systems Protection Board ("MSPB"). After a hearing, the MSPB Administrative Judge issued an order ("MSPB Order") concluding that the Agency met the requirements to sustain Plaintiff's indefinite suspension and finding that, although Plaintiff had established that he is disabled, the Agency did not discriminate against him on that basis when it terminated him.

Plaintiff appealed the MSPB Order to the EEOC. Attached to Plaintiff's one-page complaint is a decision from the EEOC ("EEOC Decision"), which upheld the MSPB Order. Because Plaintiff's complaint alone is scant on facts, the court sets forth the following facts from the EEOC Decision. Plaintiff was employed as a GS-6 Tax Examining Technician at the IRS. On October 27, 2010, and again on March 31, 2011, Plaintiff allegedly sent anonymous letters to the Treasury Inspector General for Tax Administration falsely claiming that three IRS employees

---

[3] *See* docket no. 2.

[4] The facts are taken from the Equal Employment Opportunity Commission's ("EEOC") decision that was attached to Plaintiff's complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").

[5] Docket no. 3.

discussed assassinating the President of the United States of America. During an April 4, 2011 interview, Plaintiff admitted that he authored the letters. Plaintiff claimed he did so because he believed that his coworkers had caused his performance evaluation to be lowered, which resulted in the loss of a scheduled salary grade increase.

On October 6, 2011, the Agency notified Plaintiff that based on the letters containing the false allegations, it was proposing to suspend him from duty and pay indefinitely. Then on November 29, 2011, the Agency notified Plaintiff that it was sustaining his indefinite suspension because Plaintiff's actions had caused his supervisors to lose confidence in his trustworthiness to protect taxpayer information and his ability to interact with the public in his position as a tax examiner. As noted above, Plaintiff appealed his indefinite suspension, and after a hearing, the MSPB Administrative Judge issued the MSPB Order finding that Plaintiff had failed to demonstrate that the Agency's proffered reasons for the indefinite suspension were not the actual reasons and that discriminatory animus based on Plaintiff's disability was the Agency's true reason.

Plaintiff appealed the MSPB Order to the EEOC. The EEOC concurred with the MSPB Order and concluded that the Administrative Judge correctly interpreted the laws, rules, regulations, and policies that govern this matter and that the MSPB Order is supported by substantial evidence in the record as a whole. *See* 29 C.F.R. § 1614.305(c). The EEOC determined that even assuming Plaintiff had demonstrated a prima facie case of discrimination, Plaintiff failed to show that the Agency's articulated legitimate, nondiscriminatory reasons for his indefinite suspension were merely a pretext for discrimination.

Plaintiff then filed the instant case in this court asserting that (1) he was "falsely indicted," (2) the Agency "made false statements" to the MSPB and the EEOC, and (3) he was suspended "due to disability discrimination."[6] This court takes judicial notice[7] that Plaintiff was indicted on three counts of making false statements under 18 U.S.C. § 1001.[8] Plaintiff entered into a pretrial diversion agreement[9] and successfully completed the court's RISE Program.[10] Pursuant to the diversion agreement, the government moved to dismiss the indictment and the court did so with prejudice.[11]

On March 22, 2017, Plaintiff filed a motion for leave to file an amended complaint.[12] Specifically, Plaintiff sought to substitute Defendant with his successor, current Treasury Secretary, Steven Mnuchin. Plaintiff also provided some additional factual context to his allegations.

## STANDARD OF REVIEW

Plaintiff's motion for leave to amend is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, courts "should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision

---

[6] Docket no. 3.

[7] *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[8] *See United States v. Nicholson*, Case No. 1:11-cr-00098-CW, at docket no. 1 ("Criminal Case").

[9] *See id.* at docket no. 34.

[10] *See id.* at docket no. 138.

[11] *See id.* at docket nos. 139-141.

[12] *See* docket no. 13.

regarding whether to provide a party leave to amend pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). Furthermore,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.

*Foman*, 371 U.S. at 182 (quotations and citation omitted). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (quotations and citation omitted).

That said, even under the liberal standard for amending pleadings, "the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted). A proposed amendment is futile only where "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010) (quotations and citation omitted).

Moreover, whenever the court authorizes a party to proceed without the prepayment of fees under the IFP Statute, the court must screen the complaint and dismiss the case "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay*

5

*v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Bellmon*, 935 F.2d at 1110*; see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted). With these standards in mind, the court now turns to Plaintiff's motion for leave to file an amended complaint, as well as the substance of Plaintiff's complaint and proposed amended complaint under the IFP Statute.

## ANALYSIS

Plaintiff seeks to amend his complaint in order to modify the caption to reflect that the current Secretary of the Treasury is Steven Mnuchin. However, a public officer who is a party in an official capacity and who no longer holds office during the pendency of the action is automatically replaced by his or her successor under rule 25 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 25(d). Accordingly, it was not necessary for Plaintiff to move to amend his complaint to substitute Steven Mnuchin for Jacob Lew.

In his proposed amended complaint, Plaintiff also provides additional factual allegations regarding Plaintiff's claim that Defendant sought to have him indicted even though Defendant knew Plaintiff was innocent. In particular, Plaintiff states that Defendant "had the Treasury Inspector General for Tax Administration lie to cover up an assassination plot on former President Obama . . . [and] said I confessed that the statements were false [but] I never did."[13] Plaintiff further alleges that Defendant "only wanted the charges against me dropped once they [sic] found out that I have Autism Spectrum Disorder."[14] But in his criminal case, Plaintiff essentially admitted that he sent the letters containing the false allegations about his coworkers. Specifically, Plaintiff entered into a pretrial diversion agreement and, as part of the agreement, he accepted responsibility for making "materially false and fictitious statements in letters mailed

---

[13] Docket no. 13 at 2.

[14] Docket no. 13 at 3.

to, among others, the Commissioner's Correspondence Office of the [IRS]."[15]  The agreement also stated that "[u]pon your accepting responsibility for your behavior and by your signature on this Agreement, it appearing, after an investigation of the offense and your background, that the interest of the United States, your own interest, and the interest of justice will be served" by entering into the agreement.[16]

This court concludes that Plaintiff's current complaint and proposed amended complaint both fail to state any claims upon which relief can be granted.  In particular, Plaintiff's allegations fall into that category of allegations that are facially frivolous or malicious under the IFP Statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) (providing that whenever the court authorizes a party to proceed without the prepayment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious").  The United States Supreme Court has construed the term "frivolous" within the context of the IFP Statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of

---

[15] Criminal Case, docket no. 34 at 1.

[16] *Id.*

> infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .

*Id.* at 327-28; *see also Bellmon*, 935 F.2d at 1108-10.

Plaintiff has failed to set forth any facts demonstrating that his indictment was based on false statements by the Treasury Inspector General for Tax Administration and that he was actually fired from his position at the IRS because of a disability. Plaintiff's allegations are conclusory in nature, appear to have little or no basis in fact, and do not support his claims. *See Bellmon*, 935 F.2d at 1110 (providing that the "broad reading" accorded to a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

The court concludes that Plaintiff's complaint and his proposed amended complaint have a self-serving quality that renders them patently unbelievable. Factual allegations are baseless when the facts alleged depict "fantastic or delusional scenarios" that "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The decision of what is frivolous rests with the court considering the in forma pauperis petition. *See id.*

The court also notes that in Plaintiff's criminal case, during a scheduled change of plea hearing before the diversion agreement was offered, Plaintiff did not enter a plea but rather asked "for a hearing to plead insanity."[17] While this statement does not have any bearing on whether Plaintiff has stated a claim in the instant case, it does give the court some pause regarding Plaintiff's allegations against Defendant.

---

[17] Criminal Case, docket no. 21.

Plaintiff cannot prevail on the facts as alleged in his complaint and proposed amended complaint. However, out of an abundance of caution and fairness to Plaintiff, this court grants Plaintiff's motion for leave to file an amended complaint. In his amended complaint, Plaintiff must address the deficiencies discussed above. In other words, Plaintiff must set forth facts, rather than conclusory allegations, demonstrating that his indictment was based on falsehoods and explain the basis for his belief that he was fired because of his disability. Plaintiff shall file an amended complaint that complies with the requirements set forth above on or before February 23, 2018. Failure to do so will result in a recommendation to Chief Judge Nuffer that this action be dismissed.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint[18] is GRANTED. Plaintiff must file an amended complaint on or before February 23, 2018. Failure to do so will result in a recommendation to Chief Judge Nuffer that this matter be dismissed. In addition, the Clerk's Office shall update the docket in this matter to reflect that the current Secretary of the Treasury is Steven Mnuchin.

IT IS SO ORDERED.

DATED this 30th day of January, 2018.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[18] *See* docket no. 13.