# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| JASON J. NICHOLSON, | REPORT AND RECOMMENDATION |
| Plaintiff, | |
| v. | Case No. 1:14-cv-00178-DN-PMW |
| STEVEN MNUCHIN, Secretary, Department of the Treasury (Internal Revenue Service),[1] | Chief District Judge David Nuffer |
| Defendant. | Chief Magistrate Judge Paul M. Warner |

Chief District Judge David Nuffer referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2] The court recongizes that Jason J. Nicholson ("Plaintiff") has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Before the court is the screening of Plaintiff's amended complaint under the authority of the IFP Statute.

At the outset, the court notes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Steven Mnuchin has been substituted for Jacob J. Lew as the named defendant in this case. *See* docket no. 17.

[2] *See* docket no. 5.

[3] *See* docket no. 2.

## BACKGROUND[4]

Plaintiff's original complaint was filed against Jacob J. Lew, the former Secretary for the Department of the Treasury, Internal Revenue Service. Plaintiff alleges that he was terminated from his position at the Internal Revenue Service ("IRS" or "Agency") on the basis of "disability discrimination."[5] Plaintiff appealed his termination to the Merit Systems Protection Board ("MSPB"). After a hearing, the MSPB Administrative Judge issued an order ("MSPB Order") concluding that the Agency met the requirements to sustain Plaintiff's indefinite suspension and determining that, although Plaintiff had established that he is disabled, the Agency did not discriminate against him on that basis when it terminated him.

Plaintiff appealed the MSPB Order to the EEOC. Attached to Plaintiff's one-page complaint is a decision from the EEOC ("EEOC Decision"), which upheld the MSPB Order. Because Plaintiff's complaint alone is scant on facts, the court sets forth the following facts from the EEOC Decision. Plaintiff was employed as a GS-6 Tax Examining Technician at the IRS. On October 27, 2010, and again on March 31, 2011, Plaintiff allegedly sent anonymous letters to the Treasury Inspector General for Tax Administration falsely claiming that three IRS employees discussed assassinating the President of the United States of America. During an April 4, 2011

---

[4] The following background is taken, in part, from the Equal Employment Opportunity Commission's ("EEOC") decision that was attached to Plaintiff's original complaint. That document is appropriate for the court to consider in the analysis under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the court employs in this case. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").

[5] Docket no. 3.

interview, Plaintiff admitted that he authored the letters. Plaintiff claimed he did so because he believed that his coworkers had caused his performance evaluation to be lowered, which resulted in the loss of a scheduled salary grade increase.

On October 6, 2011, the Agency notified Plaintiff that, based on the letters containing the false allegations, it was proposing to suspend him from duty and pay indefinitely. Then on November 29, 2011, the Agency notified Plaintiff that it was sustaining his indefinite suspension because Plaintiff's actions had caused his supervisors to lose confidence in his trustworthiness to protect taxpayer information and his ability to interact with the public in his position as a tax examiner. As noted above, Plaintiff appealed his indefinite suspension, and after a hearing, the MSPB Administrative Judge issued the MSPB Order, in which it was determined that Plaintiff had failed to demonstrate that the Agency's proffered reasons for the indefinite suspension were not the actual reasons and that discriminatory animus based on Plaintiff's disability was the Agency's true reason.

Plaintiff appealed the MSPB Order to the EEOC. The EEOC concurred with the MSPB Order and concluded that the Administrative Judge correctly interpreted the laws, rules, regulations, and policies that govern this matter and that the MSPB Order is supported by substantial evidence in the record as a whole. *See* 29 C.F.R. § 1614.305(c). The EEOC determined that, even assuming Plaintiff had demonstrated a prima facie case of discrimination, Plaintiff failed to show that the Agency's articulated legitimate and nondiscriminatory reasons for his indefinite suspension were merely a pretext for discrimination.

Plaintiff then filed the instant case in this court asserting that (1) he was "falsely indicted," (2) the Agency "made false statements" to the MSPB and the EEOC, and (3) he was

suspended "due to disability discrimination."[6] This court takes judicial notice[7] that Plaintiff was indicted on three counts of making false statements under 18 U.S.C. § 1001.[8] Plaintiff entered into a pretrial diversion agreement[9] and successfully completed a court reentry program.[10] Pursuant to the diversion agreement, the government moved to dismiss the indictment and the court did so with prejudice.[11] The court also notes that in the Criminal Case, during a scheduled change of plea hearing before the diversion agreement was offered, Plaintiff did not enter a plea but rather asked "for a hearing to plead insanity."[12]

On March 22, 2017, Plaintiff filed a motion for leave to file an amended complaint.[13] Specifically, Plaintiff sought to substitute Jacob J. Lew with his successor, current Treasury

---

[6] *Id*.

[7] The court recognizes that in the analysis under Rule 12(b)(6), which the court employs in this case, the general rule is that a court considers only the contents of the complaint. *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). However, it is not inappropriate for the court to consider matters outside of the complaint that are subject to judicial notice, such as public court records. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Berneike*, 708 F.3d at 1146; *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[8] *See United States v. Nicholson*, Case No. 1:11-cr-00098-CW ("Criminal Case"), at docket no. 1.

[9] *See id.* at docket no. 34.

[10] *See id.* at docket no. 138.

[11] *See id.* at docket nos. 139-142.

[12] *Id*. at docket no. 21.

[13] *See* docket no. 13.

Secretary, Steven Mnuchin, as the named defendant in this case. Plaintiff also provided some additional factual context to his allegations.

On January 30, 2018, this court issued a Memorandum Decision and Order ("Order") on Plaintiff's motion for leave to file an amended complaint.[14] In the Order, this court screened Plaintiff's original complaint under the authority of the IFP Statute and concluded that the original complaint failed to state claims upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This court also concluded in the Order that the allegations in Plaintiff's original complaint fell into the category of allegations that are frivolous under the IFP Statute. *See id*. § 1915(e)(2)(B)(i). Nevertheless, out of an abundance of caution and fairness to Plaintiff, who is proceeding pro se, this court granted Plaintiff's motion for leave to file an amended complaint. This court specifically noted that, in his amended complaint, Plaintiff was required to address the deficiencies noted in the Order. Specifically, Plaintiff was directed to set forth facts, rather than conclusory allegations, demonstrating that his indictment was based on falsehoods and explain the basis for his belief that he was fired because of his disability. Plaintiff was directed to file an amended complaint that complied with those requirements on or before February 23, 2018.

On February 6, 2018, Plaintiff filed an amended complaint.[15] In the amended complaint, Plaintiff includes a narrative of the proceedings before the MSPB. That narrative includes an allegation that Plaintiff told the MSPB Administrative Judge and the IRS attorney that the statements against him were false and that, in response, the MSPB Administrative Judge "told

---

[14] *See* docket no. 17.

[15] *See* docket no. 18.

[Plaintiff] that [he] better not say this or the IRS might add more false statement charges against [him]."[16] The amended complaint also includes a narrative of the Criminal Case, in which he maintains his innocence and notes his request for an "insanity defense."[17] Plaintiff further alleges that the IRS stole from his desk a recording of the April 4, 2011 interview referenced above, as well as "personal possessions[,] such as pictures and valuables at a value of $70.00."[18] Plaintiff also alleges that "the government lied and covered up an assass[in]ation plot on the President to make them [sic] look good."[19] Finally, in his request for relief, Plaintiff contends that the IRS "should pay [him] back $225,000.00 for [his] time off of work," pay him "$70.00 for stealing [his] possessions," and "pay for stress and emotional damages this has caused [him]."[20]

## LEGAL STANDARDS

The following standards apply to the court's screening of Plaintiff's amended complaint under the authority of the IFP Statute.

### I. Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[16] *Id*. at 3.

[17] *Id*. at 5.

[18] *Id*. at 6-7.

[19] *Id*.

[20] *Id*.

In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court must be mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which

7

> relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## II.     Frivolousness

The IFP statue also permits the court to dismiss Plaintiff's amended complaint if its allegations are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (providing that whenever the court authorizes a party to proceed without the prepayment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous"). The United States Supreme Court has construed the term "frivolous" within the context of the IFP Statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .

*Id.* at 327-28; *see also Bellmon*, 935 F.2d at 1108-10.

## ANALYSIS

### I.      Failure to State a Claim

After reviewing Plaintiff's amended complaint, the court concludes that most, if not all, of the allegations therein are conclusory in nature, appear to have little or no basis in fact, and do not support Plaintiff's claims. *See Bellmon*, 935 F.2d at 1110 (providing that the "broad reading" accorded to a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based" and that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). Plaintiff has failed to set forth any specific facts demonstrating that his indictment was based on false statements or that he was actually fired from his position at the IRS because of a disability.

As for whether his indictment was based on false statements, Plaintiff makes bald, unsupported, and conclusory allegations to support that contention. Importantly, and contrary to Plaintiff's unsupported allegations, in the Criminal Case Plaintiff essentially admitted that he sent the letters containing the false allegations about his coworkers. Specifically, Plaintiff entered into a pretrial diversion agreement and, as part of the agreement, he accepted responsibility for making "materially false and fictitious statements in letters mailed to, among others, the Commissioner's Correspondence Office of the [IRS]."[21] The agreement also stated that "[u]pon your accepting responsibility for your behavior and by your signature on this Agreement, it appearing, after an investigation of the offense and your background, that the

---

[21] Criminal Case, docket no. 34 at 1.

interest of the United States, your own interest, and the interest of justice will be served" by entering into the agreement.[22]

Concerning Plaintiff's claim that he was terminated from his position at the IRS because of a disability, Plaintiff has failed to include any allegations in the amended complaint to support that claim.

For those reasons, the court concludes that Plaintiff's amended complaint fails to state any claims upon which relief can be granted.

## II. Frivolousness

The court also concludes that Plaintiff's allegations in his amended complaint are frivolous in nature. As demonstrated by the summary of Plaintiff's amended complaint above, Plaintiff's allegations are so self-serving and delusional that they are patently unbelievable. Factual allegations are baseless when the facts alleged depict "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 328, and "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The court concludes that Plaintiff's allegations fall into that category.

The court also notes Plaintiff's request in the Criminal Case "for a hearing to plead insanity."[23] While this statement is not dispositive of Plaintiff's claims in this case, it does shed some light on the potential basis for the frivolousness of Plaintiff's allegations.

---

[22] *Id.*

[23] *Id.* at docket no. 21.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court concludes that Plaintiff's amended complaint fails to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court also concludes that Plaintiff's allegations in both his original complaint and amended complaint are frivolous in nature. *See id*. § 1915(e)(2)(B)(i). Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE under the authority of the IFP Statute. *See id*. § 1915(e)(2)(B)(i)-(ii).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See id*. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of March, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge